928 F.2d 1133
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Najee As'ad NA'IM, Plaintiff-Appellant,
v.
Jack MORGAN, James L. Vandever, Amos Wilson, Defendants-Appellees.
 No. 90-6258.
 United States Court of Appeals, Sixth Circuit.
 March 21, 1991.
 
 M.D.Tenn., 89-00857; Nixon, J.
 M.D.Tenn.
 VACATED AND REMANDED.
 
 
 1
 Before KRUPANSKY and DAVID A. NELSON, Circuit Judges, and GILMORE, District Judge.*
 
 ORDER
 
 2
 Najee As'ad Na'im, a pro se Tennessee prisoner, appeals the district court's order granting the defendants' motion for summary judgment in his civil rights action filed under 42 U.S.C. Sec. 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and the record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking declaratory and injunctive relief, Na'im sued the warden, the associate warden of security, and the senior chaplain of the Tennessee State Penitentiary in their individual and official capacities. He alleged that his right to free exercise of his religion was violated when the defendants refused to allow him to receive and wear a Muslim prayer shirt (Kurta). A supplemental complaint further alleged racial discrimination in Vandever's action permitting a white inmate to receive non-regulation clothing. The magistrate had granted Na'im's motion to file a supplemental complaint.
 
 
 4
 The defendants moved to dismiss or for summary judgment. On July 23, 1990, the magistrate issued a report in which he recommended granting the defendants' motion for summary judgment because the defendants had made reasonable accommodations for Na'im's religious beliefs, possession of the Kurta might post legitimate security problems, and the Kurta was not necessary for Na'im's exercise of his religious faith. The magistrate did not address the racial discrimination issue because he found that it was not raised in Na'im's complaint and there had been no supplemental complaint approved by the court. Over Na'im's objections, the district court adopted the magistrate's report and recommendation and granted summary judgment for the defendants in an order entered September 18, 1990.
 
 
 5
 On appeal, Na'im again raises his religious and racial discrimination claims and complains that the district court "hastenly and haphazardly dismissed" his complaint. Na'im requests the appointment of counsel and a transcript at government expense in his brief.
 
 
 6
 We shall affirm the district court's order to the extent that it grants summary judgment for the defendants in Na'im's first amendment claim. Our review of the record shows that there is no genuine issue of material fact regarding that claim and the defendants are entitled to judgment as a matter of law. See Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).
 
 
 7
 However, the record also shows that the magistrate granted Na'im's motion to file a supplemental complaint and that this supplemental complaint was filed before the defendants had filed a responsive pleading to his original complaint. Therefore, Na'im's equal protection claim, that was asserted in the supplemental complaint, was properly before the district court. This claim, alleging that Vandever acted with selective, discriminatory purpose on the basis of race in enforcing the clothing regulation against Na'im, states a claim under the fourteenth amendment equal protection clause. See McClesky v. Kemp, Supt. Ga. Diagnostic and Class. Center, 481 U.S. 279, 292 (1987). Because the district court did not expressly address that claim, the case must be remanded so that the court may address it.
 
 
 8
 Accordingly, the requests for the appointment of counsel and a transcript at government expense are denied. The district court's summary judgment for the defendants in Na'im's first amendment claim is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit. To the extent that Na'im's equal protection claim was found to be not properly before the court, the district court's order is vacated and this case is remanded for further proceedings on this claim. Rule 9(b)(6), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Horace W. Gilmore, U.S. District Judge for the Eastern District of Michigan, sitting by designation